## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

**ROBERT H. NELSON, III,**

       **Petitioner,**

**v.**                                                      **Case No.:  5:14-cv-25050**

**JORDAN HOLLINGSWORTH,**
**WARDEN, FCI – FORT DIX,**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Response to Order to Show Cause, which seeks dismissal of the petition,[1] (ECF No. 7). This case is assigned to the Honorable Irene C. Berger, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4).

For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**; that

---

1 The Response was filed on behalf of the former Respondent in this case, Joe Coakley, Warden, Federal Correctional Institution ("FCI") – Beckley. Petitioner was incarcerated in FCI – Beckley in Beaver, West Virginia when he filed the instant petition, and he correctly named as Respondent, Joe Coakley, the warden at that facility. Since that time, Petitioner was transferred to FCI – Fort Dix in New Jersey, where he is presently in custody. *See* BOP inmate locator at *www.bop.gov/inmateloc*. Pursuant to Federal Rule of Civil Procedure 25(d), the warden of FCI – Fort Dix, Jordan Hollingsworth, will be substituted as Respondent in this case. Further, despite the fact that Petitioner is no longer in custody in the Southern District of West Virginia, the court retains jurisdiction over this matter. "Jurisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions do not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994) (citing *Francis v. Rison,* 894 F.2d 353, 354 (9th Cir. 1990)).

Respondent's request for dismissal be **GRANTED**; and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

## I.   <u>FACTUAL AND PROCEDURAL HISTORY</u>

Petitioner is a prisoner serving a federal sentence following the completion of a state sentence on related charges. He seeks recalculation of his federal sentence under 28 U.S.C. § 2241 on the basis that he is entitled to credit for all of the time that he spent in state custody prior to his federal incarceration. The following facts and procedural history are relevant to the § 2241 petition.

### A.   <u>State charges</u>

On January 22, 2008, Petitioner was arrested by Tennessee state authorities on narcotics charges in Case No. S55249; the state charges became the basis for his subsequent federal charges, which resulted in the sentence calculation that he presently challenges. (ECF No.  7-1 at 11-13, 3). At the time of his arrest, Petitioner was on parole and probation for prior unrelated state convictions. (*Id.* at 7, 2-3). His new charges in Case No. S55249 violated the terms and conditions of his parole and probation; thus, his parole and probation were revoked following his arrest in Case No. S55249. (*Id.* at 3).

Petitioner served a term for his revoked parole from January 25, 2008 through May 22, 2008. (*Id.*). He then served a term for his revoked probation from November 14, 2008 through January 29, 2008. (*Id.*). However, as relevant to this habeas petition, in the middle of the revoked parole and probation terms, Petitioner was held in custody solely on his new charges in Case No. S55249. (*Id.*). This period, May 23, 2008 until November 13, 2008, was later credited toward Petitioner's federal sentence, but the rest of the foregoing time that Petitioner spent in state custody was not credited to his federal term because it was not related to Case No. S55249. (*Id.* at 4).

On January 30, 2009, while Petitioner was still serving his two-year prison term for revoked probation, he was sentenced to a four-year term for Case No. S55249. The four-year term was ordered to begin once he completed the probation term that he was serving. (*Id.* at 3).

### B.  Federal charges

While Petitioner was serving his state sentence, he was indicted by a federal grand jury for federal crimes arising from his state Case No. S55249. *See United States of America v. Robert Henry Nelson, III*, No. 1:10-cr-00002-jpj-pms (W.D. Va. January 20, 2010). On February 5, 2010, Petitioner was borrowed from state authorities on a federal writ of habeas corpus *ad prosequendum* for prosecution in his federal case. (ECF No.  7-1 at 7, 4). He remained in federal custody until December 7, 2010, when he was sentenced to 130 months of imprisonment. (ECF No.  2 at 22-27, 18).

During sentencing, the district judge recommended to the Federal Bureau of Prisons ("BOP") that Petitioner "be designated retroactively to the Tennessee Department of Correction for service of [his federal] sentence, thereby making this sentence concurrent with [his] imprisonment [in Case No.] S55249 in Sullivan County Criminal Court." (*Id.* at 18, 23).

### C.  Return to state custody and federal arrest

Following federal sentencing, Petitioner was returned to the Tennessee Department of Correction ("TDOC") to serve the remainder of his state sentence. (ECF No.  7-1 at 7). The federal judgment was lodged as a detainer. *(Id.* at 30). On October 18, 2011, Petitioner was granted parole on his state charges and was erroneously released from state custody rather than held on the federal detainer. (*Id.* at 7, 4). A federal arrest warrant was issued and Petitioner was eventually arrested by U.S. Marshals on July 26,

2013 and taken into custody to serve his federal sentence. (*Id.* at 4).

Although Petitioner was not in federal custody until July 26, 2013, the BOP granted Petitioner a *nunc pro tunc* designation in calculating his sentence. This allowed Petitioner's 130-month sentence calculation to begin on the date that the sentence was imposed, December 7, 2010, rather than the later date when Petitioner was actually received into federal custody. (*Id.* at 7-1 at 20-21, 34-36, 4). Therefore, Petitioner received credit toward his federal sentence for the time period of December 7, 2010 through July 25, 2013, which included a portion of the time that he served his state sentence and the time period that he was not even incarcerated because he was erroneously released by the TDOC. (*Id.* at 18, 4).

The BOP further granted Petitioner 175 days of prior custody credit toward his federal sentence for the time period of May 23, 2008 through November 13, 2008; this credit represented the time period that Petitioner was held in state custody on the pending charges in Case No. S55249. (*Id.* at 4). Presently, Petitioner remains in federal custody serving his 130-month sentence with a projected release date of August 30, 2017.[2]

### D. Petition for a writ of habeas corpus under 28 U.S.C. § 2241

On August 25, 2014, Petitioner filed the instant § 2241 petition. (ECF No. 1). He contends that he should be credited for the entire time that he was in state custody from January 22, 2008 through October 18, 2011 because the federal sentencing judge recommended that he be designated retroactively to the TDOC to serve his federal sentence, making his federal sentence concurrent with his state sentence in Case No. S55249. (ECF No. 10 at 12). Petitioner contends that when he requested a *nunc pro tunc*

---

[2] At the time of the Response, Petitioner was scheduled to be released on November 22, 2019, (ECF No. 7 at 5), but it appears that he has accrued additional good conduct credit since that time and is now projected for an earlier release. *See* BOP inmate locator at *www.bop.gov/inmateloc.*

designation to make his federal sentence calculation begin on January 22, 2008, the BOP failed to analyze the five factors in 18 U.S.C.A. § 3621(b) and failed to contact the sentencing judge to inquire whether he intended for Petitioner to receive credit for every day that he served in state custody from January 22, 2008 through October 18, 2011. (*Id.*).

On September 2, 2014, the undersigned issued an Order directing Respondent to answer or otherwise respond to the petition, showing cause why the relief sought by Petitioner should not be granted. (ECF No. 6). The United States filed a response to the Show Cause Order, arguing that (1) Petitioner's federal sentence commenced as early as allowable under federal law and (2) Petitioner was awarded all prior custody credit that is authorized under federal law. (ECF No. 7). Therefore, Respondent requests that Petitioner's § 2241 habeas petition be dismissed. (*Id.*).

Petitioner filed a reply to Respondent's response to the Show Cause Order. (ECF No. 10). Petitioner's reply continues to advance the proposition that the BOP failed to consider the five factors in 18 U.S.C.A. § 3621(b) and that his federal sentence should have been calculated as beginning on January 22, 2008 in accordance with the intent of the federal sentencing judge. (*Id.*). Petitioner also asserts, for the first time, due process claims relating to his state parole hearings, or lack of hearings, and other due process considerations related to his state incarceration. (*Id.*). However, such claims are not cognizable in this § 2241 petition, as they have no bearing on the duration of his current federal confinement. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).

This matter is fully briefed. Finding that the record is fully developed and seeing no need for an evidentiary hearing, the undersigned finds that this matter is ripe for

determination by the court.

## II.    <u>ANALYSIS</u>

Petitioner claims that he is entitled to credit toward his federal sentence for the time that he spent in state custody from January 22, 2008 through October 18, 2011, because the district judge that pronounced his federal sentence intended it to be retroactive and concurrent with his state sentence. (ECF No.  10 at 12). The authority to compute federal terms of imprisonment and to provide credit for time served is delegated to the Attorney General, as exercised through the BOP. *See United States v. Wilson,* 503 U.S. 329, 334–335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). A district court "may correct an error by the BOP through a writ of habeas corpus where that error is fundamental and carries a serious potential for a miscarriage of justice." *Rashid v. Quintana*, 372 F. App'x 260, 262 (3d Cir. 2010) (citing *Barden v. Keohane*, 921 F.2d 476, 479 (3d Cir. 1990)).

In addressing any sentencing computation issue, a district court must consider: (1) when the sentence commenced and (2) the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. *Chambers v. Holland,* 920 F.Supp. 618, 621 (M.D. Pa. 1996), aff'd, 100 F.3d 946 (3d Cir. 1996). For the reasons stated below, the undersigned determines that Petitioner's sentence was appropriately calculated; accordingly, he is not entitled to habeas relief under 28 U.S.C. § 2241.

### A.    <u>Petitioner's federal sentence commenced on the date that it was imposed</u>

The undersigned finds that the BOP correctly determined that Petitioner's federal sentence began on the earliest possible date, which was the date that the federal sentence was imposed: December 7, 2010. A federal sentence of imprisonment generally

commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). However, the BOP is delegated with the authority under 18 U.S.C. § 3621(b) to designate the place of imprisonment. When, as in Petitioner's case, a federal court imposes a sentence on a defendant who is already in state custody and recommends that the federal sentence be concurrent with the state sentence, the BOP may grant a *nunc pro tunc* designation. Under this process, the BOP designates the state facility as the place of imprisonment for the federal sentence so that the defendant can receive credit for serving his federal sentence as he serves the remaining portion of his state sentence. *United States v. Evans,* 159 F.3d 908, 911–12 (4th Cir. 1998) (citing *Barden,* 921 F.2d at 481–82; 18 U.S.C. § 3621(b)).

In this case, the federal sentencing judge recommended that Petitioner be designated retroactively to the TDOC for service of his federal sentence, thereby making his federal sentence concurrent with his state sentence in Case No. S55249. (ECF No.  2 at 18, 23). In accordance with this recommendation, the BOP granted Petitioner a *nunc pro tunc* designation. Thus, Petitioner's 130-month federal sentence began on the date of its imposition, December 7, 2010, even though Petitioner was not actually "received into [federal] custody" until July 26, 2013 when he was arrested by the U.S. Marshals Service.

Despite the district judge's use of the terms "retroactive" and "concurrent," and any mistaken belief that Petitioner has regarding the district judge's intention in using those terms, Petitioner's state and federal sentences could not be entirely concurrent under the law. A federal sentence cannot begin prior to the date of imposition. *Shelvy v. Whitfield,* 718 F.2d 441, 444 (D.C. Cir. 1983); *United States v. Flores,* 616 F.2d 840, 841 (5th Cir. 1980); 18 U.S.C. § 3568). "Consequently, when a federal sentence is ordered to

run concurrently with a [state] sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served." *United States v. McLean*, 867 F.2d 609 (4th Cir. 1989) (citing *Shelvey,* 718 F.2d. at 444). While Petitioner's perception of the sentencing judge's intention is understandable, it is simply not supported by federal law. Further, although Petitioner was borrowed by federal authorities for prosecution pursuant to a federal writ of habeas corpus *ad prosequendum* and was thus in federal custody prior to December 7, 2010, it does not affect the hard-and-fast rule that a federal sentence cannot begin before the date of imposition. *Evans*, 159 F.3d at 912 (the state "retains primary jurisdiction" over a prisoner in state custody who is present in federal court pursuant to a writ of habeas corpus *ad prosequendum*); *Thomas v. Whalen,* 962 F.2d 358, 361 at n. 3 (4th Cir. 1992) ("A prisoner is not even in custody for purposes of [commencing a federal sentence] when he appears in federal court pursuant to a writ *ad prosequendum;* he is merely 'on loan' to federal authorities.").

Petitioner's claim that the BOP did not consider the five factors in 18 U.S.C.A. § 3621(b) and did not contact the sentencing judge regarding *nunc pro tunc* designation is without merit. The BOP granted Petitioner a *nunc pro tunc* to the maximum extent permitted by law, meaning that it granted a *nunc pro tunc* designation to the date that the federal sentence was imposed. Thus, the BOP clearly considered and effectuated the sentencing judge's intent in imposing a concurrent federal sentence.

Therefore, for the above reasons, the undersigned **FINDS** that Petitioner's federal sentence was appropriately calculated as commencing on December 7, 2010. *See, e.g., Matthews v. Hollingsworth*, No. 09-CV-234-DRH, 2011 WL 2534017, at *4 (S.D. Ill. June 27, 2011) ("Once the state sentence began accruing credit towards petitioner's incarceration, the [BOP] properly refused to credit petitioner's federal sentence for the

same time. Neither the subsequent order that his federal and non-federal sentences run concurrently, nor the fact that petitioner was temporarily detained by federal authorities during his state sentence transform his time spent in state prison into presentence nonfederal time for purposes of § 3585(b).")

### B. **Petitioner is not entitled to any additional prior custody credit**

The next issue under consideration is whether Petitioner may be entitled to any additional credit for the time that he spent in state custody prior to commencement of his federal sentence. As previously noted, Petitioner claims that in accordance with the district judge's wishes in pronouncing his federal sentence, he is entitled to credit for all of the time that he spent in state custody from January 22, 2008 until October 18, 2011. (ECF No. 10 at 12).

Petitioner already received credit for a portion of this claimed time period. Specifically, as explained below, he received *Willis* credit toward his federal sentence for the time period of May 23, 2008 through November 13, 2008, despite the fact that he was in state custody at the time and received credit for this period toward his state sentence.

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed," provided that time has not been credited against another sentence. The Supreme Court of the United States ruled that pursuant to this directive, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337. However, there is an exception to the rule prohibiting "double credit" where state and federal sentences run

concurrently. *See Willis v. United States,* 438 F.2d 923 (5th Cir. 1971).

As explained in *Willis*, where there is a concurrent state and federal sentence and the federal sentence will expire after the state sentence, it would not benefit the defendant to receive pre-sentence custody credit only toward the state sentence. *Willis*, 438 F.2d at 925. Accordingly, under certain circumstances, the defendant can receive prior custody credit toward his federal sentence for a time period that is also credited to his state sentence. *See Willis,* 438 F.2d at 925; *see also Kayfez v. Gasele,* 993 F.2d 1288, 1290 (7th Cir. 1993) (recognizing that by approving "*Willis* time," the BOP often permits what amounts to a form of "double credit" despite the language in Section 3585(b)). Based on the reasoning in *Willis*, the BOP granted prior custody credit to Petitioner for the time period of May 23, 2008 through November 13, 2008.

In addition to *Willis* credit, Petitioner's federal sentence began on December 7, 2010 per *nunc pro tunc* designation, as explained above; thus, any time that he served after December 7, 2010 was included in his 130-month federal sentence. Therefore, the only time periods remaining at issue are January 22, 2008 through May 22, 2008 and November 14, 2008 through December 6, 2010. Petitioner is clearly not entitled to credit toward his federal sentence for these time periods.

First, Petitioner is not entitled to prior custody credit for the time that he spent serving other state sentences for offenses unrelated to the federal charges. *Willis*, 438 F.2d at 925 (citing *Sanders v. McGuire*, 405 F.2d 881 (5th Cir. 1968)). This includes the time that Petitioner was incarcerated for his parole and probation revocations from January 22, 2008 through May 22, 2008 and November 14, 2008 through January 29, 2009. Petitioner was on parole and probation for entirely unrelated crimes; he does not allege, nor does the record reflect, that those crimes were connected in any manner to the

10

federal charge for which he is seeking prior custody credit. The federal sentencing judge's directive plainly limited Petitioner's concurrent federal sentence to the *related* state sentence in Case No. S55249. Thus, Petitioner's claim that he is entitled to credit for time spent serving unrelated state sentences is without merit.

Petitioner was arrested in Case No. S55249 on January 22, 2008. While his arrest was in Case No. S55249, which was the basis for his later federal charge, it appears from the record that he was initially detained for the violation of his parole. The time period beginning with his state arrest on January 22, 2008 and ending on May 22, 2008 was credited by the state toward Petitioner's term of confinement for his parole revocation. (ECF No. 7-1 at 3). Therefore, this time period of prior custody for unrelated cases would be ineligible for any credit toward his instant federal sentence.

Second, Petitioner cannot receive prior custody credit for any of the time that he actually served his state sentence, which would include any time period after his state sentence was imposed on January 30, 2009. Although *Willis*, *Kayfez*, and its progeny of case law authorize duplicative prior custody credit in limited circumstances, a critical caveat is that a defendant can only receive credit toward his federal sentence for his time in state custody <u>before the imposition of his state sentence</u>; any time served by the defendant after his sentence commenced is ineligible for credit. *Grigsby v. Bledsoe,* 223 Fed.Appx. 486, 489 (7th Cir. 2007) (finding that the defendant's reliance upon *Kayfez* was misplaced because "the time for which he seeks credit is not '*Willis* time' because it was not time spent in non-federal *presentence* custody") (emphasis in original).

Petitioner's state sentence was imposed on January 30, 2009. Therefore, he cannot receive any credit toward his federal sentence subsequent to that date. Even if the court were to consider the fact that Petitioner was still serving a term of imprisonment for

revoked probation at the time that his state sentence in Case No. S55249 was imposed and that his sentence in Case No. S55249 was to be consecutive to the revoked probation term, it would not alter the outcome. Petitioner's federal sentence was recommended to be concurrent with his state sentence in Case No. S55249. (ECF No.  2 at 18, 23). Petitioner is not entitled to prior custody credit for time served on unrelated state charges, nor is he, for the reasons stated above, entitled to credit for the time that he served on his related state sentence prior to imposition of the federal sentence.

Therefore, the undersigned **FINDS** that Petitioner was granted all possible prior custody credit. Having found that Petitioner's sentence was appropriately calculated, the undersigned **FINDS** that Petitioner is not being held in custody in violation of the Constitution or federal law and he is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The undersigned **RECOMMENDS** that the District Court deny Petitioner's habeas petition.

## III.   PROPOSAL AND RECOMMENDATION

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows:

1. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**;

2. Respondent's request for dismissal (ECF No. 7) be **GRANTED**;

3.  That this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall

12

have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and counsel of record.

**FILED:** August 23, 2016

Cheryl A. Eifert
United States Magistrate Judge